UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X

NOUFEL SAFFIDDINE,                                      Docket No: 26-cv-3287

                              Plaintiff,

              -against-                                 **COMPLAINT**

THE CITY OF NEW YORK, and
NYPD OFFICERS "JOHN DOE" 1-10,                          **<u>JURY TRIAL DEMANDED</u>**
(fictitiously named), individually,

                              Defendants.
----------------------------------------------------------X

Plaintiff, NOUFEL SAFFIDDINE ("Plaintiff" or "Noufel"), by his attorneys,

HARFENIST KRAUT & PERLSTEIN, LLP, as and for a complaint, allege as

follows:

## NATURE OF THE ACTION

1.    This is an action seeking recovery for deprivation of Plaintiff's civil

rights guaranteed to him under the Fourth and Fourteenth Amendments to the United

States Constitution committed by The City of New York (the "City") and NYPD

Officers John Does 1-10 ("John Does") (collectively, "Defendants").

2.    The Plaintiff bases this action upon his illegal search and seizure by

John Does 1-10 and other members of the New York County Police Department

("NYPD") on June 18, 2025.

1

3.      Pursuant to a letter from the Queens County District Attorney's Office dated June 18, 2025, Plaintiff's charges were dismissed prior to his arraignment.

## JURISDICTION

4.      Jurisdiction is proper in this Court pursuant to 28 USC §1331, 28 USC §1343 and 42 USC §1983 in that the actions taken by the Defendants violated the Plaintiff's civil rights.

## VENUE

5.      Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. § 1391(b) since the Plaintiff was seized in Astoria, Queens, which is located in the Eastern District of New York.

## PARTIES

6.      Plaintiff is a citizen of the State of New York, residing in the County of Bronx.

7.      7.      The City is a municipal subdivision of the State of New York, duly existing by reason of and pursuant to the laws of the State of New York.

8.      Upon information and belief, John Does are NYPD Officers whose identities and addresses are presently unknown to Plaintiff. Upon information and belief, at all relevant times described herein, John Does were acting under color of state law within the scope of their employment with the NYPD.

2

**STATEMENT OF FACTS**

9.      On or about June 18, 2025, at approximately 11:30 P.M., Plaintiff had just finished playing pickup basketball and was walking toward a train to go home in the Bronx.

10.      At the south corner of 41st Street and 28th Avenue in Astoria, New York 11103, Plaintiff was approached by approximately a dozen police officers which are named herein as John Does.

11.      The police officers told Plaintiff "not to worry" about why he was being stopped or approached.

12.      Shortly after being approached, Plaintiff was unlawfully searched and arrested by the police officers.

13.      Plaintiff was placed in handcuffs by the police officers.

14.      Plaintiff was transported to the 114th Precinct, where he was booked.

15.      After being booked, Plaintiff was brought to the Queens Criminal Courthouse located at 125-01 Queens Blvd., Kew Gardens, New York 11415.

16.      While being held at the Courthouse, a Court officer notified Plaintiff that he was being released prior to arraignment.

3

17.    Plaintiff received a letter from the Queens County District Attorney's Office stating that the charges against him were dismissed prior to arraignment.

18.    Plaintiff was subsequently released from custody, and the specific charges brought against him remain unknown.

19.    Plaintiff sustained injuries to his hands caused by the excessively tight application of handcuffs by the police officers, resulting in inflammation and swelling.

20.    Plaintiff endured severe emotional distress, including anxiety, fear, and panic attacks, and continues to suffer from sleep disturbances.

21.    The incident occurred two days before Plaintiff's high school graduation.

22.    As a result of the incident, Plaintiff was unable to fully participate in or enjoy his high school graduation.

23.    Plaintiff lost time from work as a result of the incident.

24.    Plaintiff incurred expenses in connection with the retention of an attorney to defend him against the charges.

25.    Plaintiff now lives in fear of the police and suffers ongoing anxiety about being falsely accused or targeted because of his race.

26.    Plaintiff filed a Notice of Claim against the Defendants on August 5, 2025, for false arrest and excessive force.

27.    On November 12, 2025, the City conducted a 50-H examination of Plaintiff to investigate his claims, however, the City has not responded in substance to the Notice of Claim.

## AS AND FOR A FIRST CAUSE OF ACTION
## FALSE ARREST IN VIOLATION OF PLAINTIFF'S
## FOURTH AND FOURTEENTH AMENDMENT RIGHTS

28.    Plaintiff repeats, realleges and reiterates the allegations in the preceding paragraphs as if more fully set forth herein.

29.    On or about June 18, 2025, Plaintiff was intentionally detained by the Defendants.

30.    In detaining, Defendants John Does were acting under color of state law and within the scope of their employment by the NYPD when they deprived Plaintiff of rights secured by the Constitution, including the Fourth and Fourteenth Amendments, by arresting and detaining Plaintiff without probable cause.

31.    Plaintiff was aware of his detention.

32.    Plaintiff did not consent to being detained.

33.    Plaintiff's detention was not privileged as John Does did not have probable cause to believe that Plaintiff had committed a crime.

34.    Defendant's conduct was the direct and proximate cause of Plaintiff's deprivation of constitutional rights, resulting in Plaintiff's arrest and detention resulting damages.

35.    As a result of Defendants' unconstitutional conduct, Plaintiff has sustained damages and is entitled to compensatory damages, punitive damages against the individual Defendants, attorneys' fees and costs pursuant to 42 U.S.C. § 1988, and such other relief as this Court deems just and proper.

### AS AND FOR A SECOND CAUSE OF ACTION
### FALSE ARREST UNDER NEW YORK STATE LAW

36.    Plaintiff repeats, realleges and reiterates the allegations in the preceding paragraphs as if more fully set forth herein.

37.    On or about June 18, 2025, Plaintiff was intentionally detained by the Defendants.

38.    In detaining, Defendants John Does were acting under color of state law and within the scope of their employment by the NYPD when they deprived Plaintiff of rights secured by the Constitution, including the Fourth and Fourteenth Amendments, by arresting and detaining Plaintiff without probable cause.

39.    Plaintiff was aware of his detention.

40.    Plaintiff did not consent to being detained.

41.    Plaintiff's detention was not privileged as John Does did not have probable cause to believe that Plaintiff had committed a crime.

42.    Defendants' actions were the direct and proximate cause of Plaintiff's injuries.

43.    By reason of the foregoing, Plaintiff seeks compensatory damages and all other relief deemed just and proper.

## AS AND FOR A THIRD CAUSE OF ACTION
## EXCESSIVE FORCE IN VIOLATION OF PLAINTIFF'S
## FOURTH AMENDMENT RIGHTS

44.    Plaintiff repeats, realleges and reiterates the allegations in the preceding paragraphs as if more fully set forth herein.

45.    During the incident complained of herein, Defendants used objectively unreasonable and excessive force against Plaintiff, including by applying handcuffs in an excessively tight and unreasonable manner and failing to loosen or adjust the handcuffs despite Plaintiff's complaints of pain and visible injury.

46.    The force used by Defendants was unreasonable and unnecessary under the circumstances and was not reasonable under the totality of the circumstances nor justified by any legitimate law enforcement need.

47.    As a direct and proximate result of Defendants' conduct, Plaintiff suffered physical injuries, including but not limited to bruising, swelling, pain, and other bodily injuries, as well as emotional distress and other damages.

48.    By reason of the foregoing, Defendants violated Plaintiff's rights under the Fourth and Fourteenth Amendments to the United States Constitution, including the right to be free from unreasonable seizures and the use of excessive force, pursuant to 42 U.S.C. § 1983.

49.    As a result of Defendants' unconstitutional conduct, Plaintiff has sustained damages and is entitled to compensatory damages, punitive damages against the individual Defendants, attorneys' fees and costs pursuant to 42 U.S.C. § 1988, and such other relief as this Court deems just and proper.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully demands the following relief:

a. For compensatory damages against all Defendants in an amount to be proved at trial, but no less than FIVE HUNDRED THOUSAND ($500,000.00).

b. For exemplary and punitive damages against all Defendants in an amount to be proved at trial.

c. For attorney's fees pursuant to 42 U.S.C. §1988 against all Defendants.

d. For such other and further relief as this Court may deem just and proper.

Dated:  Lake Success, New York
June 2, 2026

HARFENIST KRAUT & PERLSTEIN, LLP

By:      *Steven J. Harfenist*

Steven J. Harfenist
*Attorneys for Plaintiff*
3000 Marcus Avenue, Suite 2E1
Lake Success, New York 11042
T: (516) 355-9600
F: (516) 355-9601
E: Sharfenist@hkplaw.com